In the Matter of the Marriage of
MEIER, *Appellant,*
*and*
MEIER, *Respondent.*
(No. 75-2136, CA 6211)
554 P2d 598

*Robert B. Dugdale,* Eugene, argued the cause for appellant. With him on the brief were Sahlstrom & Lombard, Eugene.

*Keith Rodman,* Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort, Judge, and Sloan, Senior Judge.

SLOAN, S. J.

## SLOAN, S. J.

Appellant-wife appeals from a decree awarding custody to the husband of the parties' one child and from a property settlement agreement.

When these parties were married, husband had four children by a previous marriage. Husband's first wife had died a few days after the birth of husband's youngest son. The parties were married in 1969. The one child of these parties was born in 1970. Until the trial of this case, the wife had been almost completely responsible for the care and training of the child. In fact, during the marriage she had the burden in respect to all of the children.

Following the separation of these parties, husband brought to the home a 22-year-old "sleep-in" babysitter. Husband's relationship to the babysitter was just that. Despite protestations to the contrary, it is impossible to believe that the children were unaware of the situation. After studying the record, problems remain in respect to husband's home. The conduct of the oldest son in his relationship to the younger boys creates a question mark. The record does not create a doubt as to the wife's ability to provide good care for this child. Comments by the trial court at the conclusion of the testimony show that the court had privately interviewed the child. The judge remarked that the child was outgoing, spoke freely and was not retiring. The wife is entitled to credit for the child's behavior.

After weighing the evidence, and finding the doubts expressed above, relative to the husband's care and conduct (not all of which has been mentioned), we conclude the welfare of the child would be best served with the wife.

Husband should contribute $50 per month for the child's support. Otherwise, the decree in respect to a property division is affirmed.

Affirmed in part; reversed in part. Costs to neither party.